**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: January 23 2025**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Case No. 24-60759** |
| | ) | |
| Kimberly Ann Chapman, | ) | **Chapter 13** |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### MEMORANDUM OPINION AND ORDER SUSTAINING CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION

This cause comes before the court on the Chapter 13 Trustee's Objection [Doc. #105] to Debtor's claims of exemption [Schedule C, Doc. #103]. While the most recent Schedule C filed by the Debtor simply lists §2329.66 as the basis for her claims of exemption, Debtor's Objection to Trustee's Objection to Exemption [Doc. #109] specifically quotes Ohio Revised Code

§2329.66(A)(1)(a) as the basis for her exemption claim.[1]  Because §2329.66(A)(1)(a) is simply a limit on a "health care" creditor's execution remedy, the court will construe the Debtor's pleadings to be for a claims of exemption under O.R.C. §2329.66(A)(1)(b), Ohio's homestead exemption provision.

The basis for the Trustee's Objection is that the Debtor has claimed homestead exemptions in two separate parcels of property: the one she occupies as her homestead, and a second property that she has an ownership interest in that is occupied by a dependent of the Debtor.  The Trustee's Objection is based on her reading of §2329.66(A)(1)(b), limiting the Ohio homestead exemption to "one parcel".  The Debtor asserts that the same statute allows her to exempt one parcel as her homestead, but also allows the exemption of a second property where her dependent resides.

At the hearing held on this issue, the parties agreed that, for purposes of this decision only, there are no facts in issue.  The question presented here is strictly a matter of law for the court to decide.

Ohio has opted-out of the federal exemptions, and Debtors' bankruptcy exemptions are taken from the Ohio statute. *See*, O.R.C. §2329.662.

The Ohio exemption statute in issue states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * * * * * *

(1)(b)   In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

O.R.C. §2329.66(A)(1)(b).

In analyzing Ohio law, this bankruptcy court must apply the "law of the state's highest court." *Garden City Osteopathic Hosp. v. HBE Corp*., 55 F.3d 1126, 1130 (6th Cir. 1995).  But, if "the state's highest court has not decided the applicable law, then the federal court must ascertain

---

[1]/ Section 2329.66(A)(1)(a) is not a true "exemption".  Instead, it is a limitation on creditors holding a specific type of debt – money owed for health care services or health care supplies – from executing on judgment liens against homestead property.  While such creditors can create a judgment lien, the creditor's execution remedy is delayed until the property is sold by the judgment debtor or under the execution rights of a non "health care" creditor.  *See*, *In re Hollingshead*, 217 B.R. 1000, 1002 (Bankr. S.D. Ohio 1997).

2

the state law from 'all relevant data.'" *Garden City*, 55 F.3d at 1130 (citations omitted); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (6th Cir. BAP 2006); *In re Pugh*, 2015 WL 51445030 at *3, 2015 Bankr. LEXIS 2911 at *7 (Bankr. N.D. Ohio Aug. 31, 2015). More recently, the Sixth Circuit has stated that where there is no decision directly on point by the state's highest court, the court "must make an *Erie* guess to determine how that court, if presented with the issue, would resolve it. *Bash v. Textron Fin. Corp. (In re Fair Finance Co.)*, 834 F.3d 651, 671 (6th Cir. 2016), quoting, *Conlin v. Mortg. Elec. Registration Syst., Inc.*, 714 F.3d 355, 258-59 (6th Cir. 2013).

In interpreting state law exemption provisions, Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption. *See*, *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.* (1986), 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104 ("[W]e acknowledge the liberal construction of exemption statutes afforded by the courts of this state...."); *Dennis v. Smith* (1932), 125 Ohio St. 120, 180 N.E. 638, 640 ("'Laws exempting property of a debtor from execution are to be construed liberally in his favor. A statutory provision in the nature of an exception to the general law on the subject of exemptions should be given a strict construction.'" (citation omitted)); *In re Oglesby*, 333 B.R. 788, 791 (Bankr. S.D. Ohio 2005)("'Ohio exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption.'"); *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D. Ohio 2005) (construing exemption statute liberally is necessary "to effectuate [the statute's] remedial purpose: affording the debtor life's basic necessities").

However, the Ohio Supreme Court has also held that exemptions are limited to the express language used in the statute: "[E]xemption statutes * * * are in derogation of the common-law rights of creditors. * * * Thus, as to any property or rights that are subject to attachment or execution, any claim by an individual for an exemption from the claims of his creditors must be based upon a statutory provision for such exemption. * * * The legislature has the exclusive authority to declare what property shall be exempt from the purview of collection laws." *Ohio Bell Tel. Co. v. Antonelli* (1987), 29 Ohio St.3d 9, 11, 504 N.E.2d 717, 718 (enforcing the statutory words of limitation – "before payments" – in denying a claim of exemption in workers' compensation funds).

Thus, the "liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning." *In re Zingale*, 451 B.R. 412, 416 (6th Cir. BAP 2011); *In re Schramm*, 431 B.R. 397, 400 (6th Cir. 2010)(quoting *Daugherty*, 28 Ohio St.3d at 447, 504 N.E.2d at 1105).

Under Ohio law, state statutes are to be interpreted pursuant to O.R.C. §1.42, which states: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." O.R.C. §1.42; *In re Devries*, 650 B.R.869, 878 (Bankr. N.D. Ohio 2023).

The issue presented is whether the words of limitation in §2329.66(a)(1)(B), "one parcel or item of real or personal property", permits only one homestead exemption, or does "the person or a dependent of the person uses as a residence" mean that an exemption may be asserted both by "the person" and "any dependent of the person", meaning that a single debtor could claim more than one homestead exemption.

As a starting point, the court finds that in the context of the Ohio exemption provisions, the more natural reading of the homestead exemption statute is that it is limited to the claimant's interest in 'one parcel or item of real or personal property' (hereinafter "one parcel") used as a residence or used as a residence by a dependent. The use of the property as a residence – either by the Debtor, or by a dependent of the Debtor - is a statutory requirement for qualifying to take the homestead exemption in "one parcel". It does not expand the number of parcels upon which a Debtor may claim a homestead exemption.

As the Sixth Circuit Bankruptcy Appellate Panel noted in *Breece*: "'In determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used.' *Columbus–Suburban Coach Lines, Inc. v. Public Utils. Comm'n*, 20 Ohio St.2d 125, 127, 254 N.E.2d 8, 9 (1969)." *In re Breece*, 2013 WL 197399 at *8, 2013 Bankr. LEXIS 203 at *24 (6th Cir. BAP Jan. 18, 2013). There are two parts of §2329.66(A)(1)(b) where this requirement needs to be applied. First, is that the "one parcel" limitation cannot be ignored. But is also important to note that in the body of the phrase relied upon by the Debtor, the statute states: "one parcel or item of real or personal property that the person **or** a dependent of the person uses as a residence." (emphasis added). If the statute actually meant that both "the person"

4

and any "dependent of the person" were each entitled to a homestead exemption of the person's interest in qualified property, it appears the statute would have used the word "and" instead of the word "or".

There are a number of other factors that also support this interpretation.

First, every state has statutory exemptions, and a homestead exemption is part of almost all (if not all) state law exemption schemes. In addition, there are federal exemptions (not applicable where the debtor is domiciled in Ohio) that include a homestead exemption. The leading national legal treatises recognize the general rule that only one homestead exemption may be claimed. *See*, 40 Am.Jur. 2d Homestead §66 (2024)("Generally, only one homestead can be claimed by a family or by an individual.")(footnotes omitted); 40 Corpus Juris Secundum, Homesteads §8 (2024)(" No claimant of homestead rights is entitled to two homesteads at the same time.")(footnote omitted).

In addition, under the federal exemptions, courts have held that while there may be multiple properties that would qualify as a "homestead", only one homestead exemption is allowed. *See*, *In re Lawrence*, 469 B.R. 140, 143 (Bankr. D. Mass. 2012)("They were entitled to exempt either one, but only one, under § 522(d)(1)."); *In re Spain*, 103 B.R. 286, 295 (N.D. Ala. 1988)("the trustee correctly points out that unless a case involves joint debtors, only one homestead exemption may be claimed under § 522(d)(2).").

In Ohio, "every person"[2] is now entitled to claim the Ohio exemptions that they qualify for, and that right is not limited by the fact that married persons have filed a joint bankruptcy case. *See e.g.*, *In re Wyman*, 626 B.R. 480, 488 (Bankr. S.D. Ohio 2021)("each debtor is entitled to claim separate exemptions"); *In re Miller*, 151 B.R. 800, 804 (Bankr. N.D. Ohio 1992)(Debtors "may each claim the full * * * homestead exemption.); *In re Smith*, 92 B.R. 287, 291 (Bankr. S.D. Ohio 1988)(in a joint case "each of the debtors are entitled to claim a homestead exemption").

However, allowing a single individual to claim more than one homestead exemption does not appear to have been the legislature's intent. This court has addressed this issue in passing, in what is likely *dicta*. The court's decision in *In re Snyder*, 645 B.R. 595 (Bankr. N.D. Ohio 2022)

---

[2]/ This was part of a broader series of legal changes in Ohio law. "Ohio has abolished the common law doctrine that a husband and wife have the same legal identity; nor is Ohio a community property state. Instead, it is provided, by statute, that a 'married person may take, hold, and dispose of property, real or personal, the same as if unmarried.' O.R.C. § 3103.07." *In re Toland*, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006).

dealt with a married couple living apart in two separate jointly owned properties. While the issue of debtors' dependents was not pressed by counsel, the court noted: "Even if the Debtors' dependents resided in the Hardin Property, this Debtor would only be able to exempt his interest in "one parcel" of property." *Snyder*, 645 B.R. at 601 (footnotes omitted). In an earlier decision, *In re Williams*, the court stated: "Among other constraints, the homestead exemption, as claimed by the Debtors under O.R.C. §2329.66(A)(1)(b), limits its breadth to just 'one parcel' of property." 345 B.R. 853, 856 (Bankr. N.D. Ohio 2006)(addressing the "one parcel" issue in the context of a non-contiguous parcel of land).

Another reason why the "one parcel" limitation should be enforced is the way it fits within the overall framework of the Ohio exemption statutes. For example, Ohio limits a debtor an exemption in "one motor vehicle". O.R.C. §2329.66(A)(2). That limitation in number does not have any qualification, such as who drives the vehicle, or who needs the vehicle. It is a numeric limitation. But courts have not expanded that exemption beyond "the person's interest" in a vehicle. For example, the case law does not permit a spouse without a legal or equitable interest in a motor vehicle to claim the exemption when the vehicle is titled in the name of the other spouse. *See*, *In re Whitt*, 534 B.R. 320 (Bankr. N.D. Ohio 2015); *In re Miller*, 427 B.R. 616 (Bankr. N.D. Ohio 2009); *In re Toland*, 346 B.R. 444 (Bankr. N.D. Ohio 2006); *see also*, *In re Snyder*, 645 B.R. 595 (Bankr. N.D. Ohio 2022).

Similarly, courts have enforced the "one parcel" provision, not allowing the exemption to be expanded to non-contiguous real estate, even if those separate parcels are, arguably, used as part of the claimant's homestead. *See*, *In re Williams*, 345 B.R. 853, 856 (Bankr. N.D. Ohio 2006)(30-acre non-contiguous parcel was "not entitled to be exempted under §2329.66(A)(1)(b).").

Finally, looking at the use of the term "dependent(s)" in the same exemption subsection, it appears to be primarily a way to expand eligibility for an exemption, not to change the number of available homestead exemptions. The phrase "dependent of the person" is used twice in O.R.C. §2329.66(A)(1)(a), both before and after the "one parcel or item of real or personal property" limitation: "In the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the person or a dependent of the person, one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." The protections against lien enforcement are expanded to include debts for health care services

incurred for either "the person" or "a dependent of the person" – but it protects only "one parcel" used by "the person or a dependent of the person" used as a residence. The first use of "person or dependent of the person" clearly does not negate the limitation of the protections being afforded to "one parcel" of real or personal property. There appears to be no reason to read the second use of the same term as having a greater effect.

For all of these reasons, the court finds that Debtor is limited to a single homestead exemption under O.R.C. §2329.66(A)(1)(b). She may choose to claim her Ohio homestead exemption in either parcel, but not both. Accordingly, the Chapter 13 Trustee's Objection to Exemption [Doc. #105] will be sustained.

To the extent that the issue here is the Debtor being able to claim an exemption in the other parcel in order to utilize the powers granted to debtors by 11 U.S.C. §522(f), there is case law holding that Ohio law permits use of the "wildcard exemption" – O.R.C. §2329.66(A)(18)[3] – in the avoidance of judicial liens. *See*, *In re Sutter*, 2021 WL 811584 at *3, 2021 Bankr. LEXIS 432 at *5 (Bankr. N.D. Ohio Feb. 25, 2021); *In re Pees*, 2013 WL 3808153 at **5-7, 2013 Bankr. LEXIS 2958 at **12-19 (Bankr. N.D. Ohio July 22, 2013); *In re Oglesby*, 333 B.R. 788 (Bankr. S.D. Ohio 2005). While this case law is not binding precedent on this court, it does appear to be the majority view at present.

Accordingly, it is ORDERED that the Trustee's Objection to Exemption [Doc. #105] is Sustained.

---

[3] Ohio's so-called "wildcard" exemption is applicable to the person's interest in "any property".

7