**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: **February 21 2025**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Case No. 24-60759** |
| | ) | |
| Kimberly Ann Chapman, | ) | **Chapter 13** |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |

## ORDER DENYING REVISED OBJECTION TO PROOF OF CLAIM BY SELENE FINANCE LP [DOC. #108] FOR CLAIMS NO. 7-1/7-2 OF U.S. BANK

This cause comes before the court on Debtor's Revised Objection to Proof of Claim By Selene Finance LP. [Doc. #108]. The proofs of claim at issue are No. 7-1 and No. 7-2, which list in response to the question: "Who is the current creditor?": "U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for RCAF Acquisition Trust."[1] Just below

---

[1] For the sake of the clarity of the record, U.S. Bank also filed a second proof of claim (as owner trustee for RCF 2 Acquisitions) for a different mortgage securing a larger loan on a separate piece of property. Debtor has not objected to that proof of claim. *See*, [Proof of Claim 4-1].

1

the line listing "U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for RCAF Acquisition Trust" (hereinafter "U.S. Bank" or "Creditor") as the creditor, is the additional clarifying language: "Name of the current creditor (the person or entity entitled to be paid for this claim." [Proofs of Claim 7-1, p. 1 & 7-2, p. 1].

The Proofs of Claim in issue – 7-1 and 7-2 – both list the debt owed as being in the amount of $113,393.25.[2] Copies of the note and mortgage were attached to the original proof of claim, 7-1. [Proof of Claim 7-1, pp. 10-12 & 20-44]. They were also attached to the amended proof of claim. [Proof of Claim 7-2, pp. 12-39]. Both the original and amended proofs of claim state that notices and payments are to be sent to Selene Finance, LP, the servicer for the mortgage. [Proofs of Claim 7-1, p. 1 & 7-2, p. 1]. The proofs of claim were filed by Attorney David J. Demers, who checked the box indicating that he was the creditor's attorney or authorized agent. [Proofs of Claim 7-1, p. 3 & 7-2, p. 3].

Debtor filed three Objections to Proof of Claim 7-1. [Docs. ##61, 79, 108]. A Response to the second Objection was filed by Creditor. [Doc. #90]. The court ordered that a second Amended Objection to Claim be filed by Debtor. [Doc. #99]. The "Revised Objection to Chapter 13 Proof of Claim by Selene Finance LP"[3] was filed by Debtor. [Doc. #108]. A Response to the Revised Objection was filed by Creditor. [Doc. #117].

After a hearing on January 15, 2025, the Creditor filed Doc. #136 – Certified Copies of State Court Judgment Decree In Foreclosure and Certified Copy of Opinion from the Court of Appeals. The documents filed as part of Doc. #136 are self-authenticating under Federal Rule of Evidence 902(4). *See*, *Cowart v. Countrywide Bank, N.A. (In re Cowart)*, 2015 WL 6667776 at *2

---

[2]/ Presumably, the Debtor's Objection also applies to Amended Claim, 7-2, which was filed for the same amount. There are some differences between the two proofs of claim. Under Box 9, the "Basis for perfection" 7-1 states "Recordation of Lien" while 7-2 lists "Note, Mortgage Deed of Trust." Additionally, the line for "Amount necessary to cure any default as of the petition date" is also different, showing $13,880.81 needed to cure the default in 7-1, in comparison to $12,909.29 as the amount needed in 7-2. The Amended Proof of Claim also includes the Assignment Of Mortgage by NewRez LLC to U.S. Bank on July 8, 2024. [Proof of Claim 7-2, pp. 42-43].

[3]/ While the court will accurately recite the caption of Debtor's Revised Objection's reference to the claim "by Selene Finance LP", as previously noted, the proof of claim lists the creditor as U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for RCAF Acquisition Trust. The note and mortgage at issue were assigned to the listed entity, not Selene Finance, LP. Both parties have filed copies of the same assignment as exhibits. [Doc. #108, Exhibit B-2, p. 5; Proof of Claim 7-2, p. 43]. In the proof of claim and amended proof of claim at issue, Selene Finance LP is listed as both the party to receive notice, and as the address for payments. [Proofs of Claim 7-1, p. 1 & 7-2, p. 1].

n.3, 2015 Bankr. LEXIS 3675 at *5 n.3 (Bankr. M.D.N.C. Oct. 28, 2015); *In re Hernandez*, 2010 WL 5155011 at *1 n.9, 2010 Bankr. LEXIS 4646 at *5-6 n.9 (Bankr. D.N.M. Dec. 14, 2010).

The filed documents reflect that a Judgment Decree In Foreclosure (hereinafter "Foreclosure Judgment") was entered in favor of Plaintiff NewRez, LLC, and against several Defendants, by the Stark County Court of Common Pleas on Plaintiff's Motion for Summary Judgment in case number 2023CV00579.[4] [Doc. #136]. The named Defendants included Kimberly Ann Chapman. [Doc. #136, p. 1, ¶1]. The Foreclosure Judgment was entered on September 18, 2023. [*Id.*].

While no answer was filed to the state court complaint [*Id.*, ¶2], the decision[5] of the Court of Appeal, Stark County, Ohio, Fifth Appellate District (hereinafter "Appellate Court") states that Appellant filed a "judicial notice of failure to state a claim upon which relief can be granted" on May 23, 2023. The Appellate Court further states that: "On Septembers, 2023, appellant filed a document entitled 'judicial notice of tax filing of 1099- C and Form 982 on 1040 filing.'" [*Id.*, p. 11, ¶4]. It does not appear that Debtor filed any other response to Plaintiff's Motion for Summary Judgment.

The Appellate Court's April 1, 2024 decision affirmed the Foreclosure Judgment in all respects, rejecting each of Debtor's assignments of error.

The Appellate Court's decision was appealed to the Ohio Supreme Court. The Supreme Court entered three Orders on the appeal. The first Order, entered on May 30, 2024, required Appellee to file a response to Appellant's Emergency Motion for Stay. *See*, *NewRez LLC v. Chapman*, 174 Ohio St. 3d 1491, 234 N.E.3d 526, 2024 Ohio LEXIS 1189 (Ohio May 30, 2024). The Second Order entered by the Ohio Supreme Court denied Appellant's Emergency Motion for Stay. *NewRez LLC v. Chapman*, 174 Ohio St. 3d 1492, 234 N.E.3d 528, 2024 Ohio LEXIS 1196

---

[4]/ An electronic version of the Foreclosure Judgment can be found at: *Newrez LLC v. Kimberly Ann Chapman HTTA Kimberly A. Moulos*, 2023 WL 1179944 (Stark County Court of Common Pleas Sept. 18, 2023). While NewRez LLC sought its judgment on both the grounds of default for failure to file an answer, and on summary judgment, the Foreclosure Judgment was based on summary judgment, and the Appellate Court repeatedly relied on Ohio Rule of Civil Procedure 56(E) in its decision, not Ohio Rule of Civil Procedure Rule 55 which applies to default judgments. Finally, the Appellate Court's decision specifically states: "The trial court granted appellee's motion for summary judgment on September 18, 2023, and issued a judgment decree in foreclosure." [Doc. #136, p. 11, ¶5].

[5]/ Reported at *NewRez, LLC v. Chapman*, 2024 WL 1403197, 2024 Ohio App. LEXIS 1176 (Ohio App. 5th Dist. April 1, 2024).

(Ohio June 3, 2024). The Third Order dismissed the appeal based on the failure to file a Memorandum in Support of Jurisdiction. *NewRez LLC v. Chapman*, 174 Ohio St. 3d 1508, 236 N.E.3d 219, 2024 Ohio LEXIS 1330 (Ohio June 25, 2024).

Debtor's Petition commencing her Chapter 13 case was filed on June 7, 2024. [Doc. #1].

Debtor has asserted a number of arguments as to why the U.S. Bank proof of claim should be disallowed. A copy of the Revised Objection is attached as Exhibit 1 to this Order. *See*, Exhibit 1 to this Order. While some of these allegations are difficult to understand,[6] almost all of them run afoul of basic legal principles of finality, and the limited role that federal bankruptcy courts have in dealing with a state court judgment in the proof of claim context. These related legal doctrines include *Rooker-Feldman*, *res judicata*, the Full Faith and Credit Act, and collateral estoppel.

## LAW AND ANALYSIS

### A. The *Rooker–Feldman* Doctrine.

The principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), have become known as the *Rooker–Feldman* doctrine. In each case, where the losing party in state court sought review and rejection of the state court judgment in federal district court based on claims that the judgment violated the loser's federal rights, the United States Supreme Court held that the federal district court lacked subject matter jurisdiction since authority to review a state court's judgment rests solely in the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).

In *Exxon Mobil Corp.*, the Supreme Court clarified the scope of the *Rooker–Feldman* doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments

---

[6] The Appellate Court noted, "[T]o the extent that appellant is making a 'sovereign citizen' argument, we have previously rejected similar 'sovereign citizen' arguments. *State v. Farley*, 5th Dist. Muskingum Nos. CT2013-0026, CT2013-0029, 2013-Ohio-5517." [Doc. #136, p. 15; *NewRez, LLC v. Chapman*, 2024 WL 1403197 at *3, 2024 Ohio App. LEXIS 1176 at *6. The Revised Objection also incorporates what appear to be requests for admissions and requests for document production on issues that were decided, or could have been raised and decided, in the state court foreclosure proceeding.

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S.Ct. 1517. But, *Rooker–Feldman* does not preclude a district court from exercising subject-matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293, 125 S.Ct. 1517. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (citation omitted).

In distinguishing between a claim that attacks a state court judgment, which is within the scope of the *Rooker–Feldman* doctrine, and an independent claim over which a district court may exercise jurisdiction, the Sixth Circuit explained that the inquiry should focus on the source of the injury the plaintiff alleges in the federal complaint. *McCormick v. Braverman*, 451 F.3d 382, 393-94 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* at 393.

Here, the state court Foreclosure Judgment specifically found Debtor liable for the debt secured by the mortgage, found the mortgage valid, and fixed an amount that was owed. Debtor cannot collaterally attack these findings in her bankruptcy court proceeding. This precludes a number of Debtor's attacks on the U.S. Bank proof of claim.

## B. *Res Judicata* or "claim preclusion".

"Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226, 229 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* The same concept applies in federal courts. Under the doctrine of issue preclusion, "a prior judgment ... foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748–749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

5

What this means, in simple terms, is that Debtor is precluded from relitigating claims that she lost on in the state court, and claims she could have brought – but did not bring – in the state court action. This doctrine negates most of Debtor's arguments against allowance of U.S. Bank's proof of claim.

## C. Collateral estoppel or "issue preclusion".

Collateral estoppel, otherwise known as issue preclusion in the federal courts, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999)(quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992))(emphasis added)). "The purposes of collateral estoppel are to shield litigants (and the judicial system) from the burden of re-litigating identical issues and to avoid inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005).

Here, collateral estoppel prevents Debtor from relitigating the facts found either in the Foreclosure Judgment, or in the decision of the Appellate Court. This is an additional reason that many of Debtor's assertions in support of her Objection to the U.S. Bank proof of claim are not viable legal arguments.

## D. The Full Faith and Credit Act.

The first version of the Full Faith and Credit Act was enacted in 1790, and is today codified at 28 U.S.C. §1738.[7] Under 28 U.S.C. §1738, a federal court must accord a state court judgment the same preclusive effect the judgment would have in the courts of that state. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. at 374, 105 S.Ct. 1327; *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 703 (6th Cir. 1999); *Bay Area Factors, Inc. v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997); *In re Hunter*, 535 B.R. 203, 216 (Bankr. N.D. Ohio 2015). Issue preclusion will apply to state court judgments where (1) the law of issue preclusion in the state in

---

[7]/ This statute is to be distinguished from the Full Faith and Credit Clause of the U.S. Constitution, Article IV , Section I, which is applicable to state courts, but is not binding on federal courts. *See*, *U.S. v. Lewis*, 609 Fed. Appx. 890, 891 (8th Cir. July 20, 2015)(citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986)).

which the issue was litigated would preclude relitigation of such issue and (2) the issue was fully and fairly litigated in state court. *In re Markowitz*, 190 F.3d at 461. Here, the court must apply Ohio issue preclusion principles to the state court proceedings.

Under Ohio law, four elements must be met in order to apply the doctrine of issue preclusion: "(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) The issue must have been identical to the issue involved in the prior suit." *In re Hunter*, 535 B.R. at 216 (citing *Cashelmara Villas Ltd. P'ship v. DiBenedetto*, 87 Ohio App.3d 809, 814, 623 N.E.2d 213 (1993)(quoting *Monahan v. Eagle Picher Indus., Inc.*, 21 Ohio App.3d 179, 180-81, 486 N.E.2d 1165 (1984)); *see also*, *Sill v. Sweeney* (*In re Sweeney*), 276 B.R. 186, 189 (BAP 6th Cir. 2002); *but cf. State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 982 (2008)(citing *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994)(doctrine stated as having three factors, applying "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action."))).

While it might be argued that *res judicata* and collateral estoppel should not apply because the appeal was not "final" at the time the bankruptcy case was filed – because the Ohio Supreme Court had not yet issued its order dismissing Debtor's appeal - that is not the law. *See generally*, *Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992):

> [I]t is well established that a final trial court judgment operates as res judicata while an appeal is pending. *Huron Holding Corp. v. Lincoln Mine Operating Co*., 312 U.S. 183, 188–89, 61 S.Ct. 513, 85 L.Ed. 725 (1941); *Southern Pac. Communications Co. v. AT & T Co*., 238 App. D.C. 340, 740 F.2d 1011, 1018 (D.C.Cir.1984); *Refior v. Lansing Drop Forge Co*., 134 F.2d 894, 896 (6th Cir.1943). *See also* [RESTATEMENT (SECOND) OF JUDGMENTS], § 13 cmt. f [ (1982) ]; 18 [CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE], § 4433, at 308, 311 [ (1981) ]; 1B [JAMES W. MOORE, MOORE'S FEDERAL PRACTICE], para. 0.416[3], at 521 [ (1991) ]. Nor does the preclusive effect of the [trial court's]

determination depend upon the correctness of the decision, for even erroneous judgments are accorded res judicata effect. *Angel v. Bullington*, 330 U.S. 183, 187, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

*See also*, *In re Bodrick*, 534 B.R. 738, 744 (Bankr. S.D. Ohio 2015); *El-Amin v. Virgilio*, 251 F.Supp. 208, 211 (D.D.C. 2017).

However, it should be noted that *Commodities Export Co. v. U.S. Customs Serv.* was a decision that dealt with a federal appeal. In dealing with the preclusive effect of state court decisions that are on appeal, federal courts look to state law to determine whether *res judicata* and collateral estoppel apply. *See*, 28 U.S.C. §1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375, 105 S.Ct. 1327, 1329, 84 L.Ed.2d 274 (1985)("Under 28 U.S.C. § 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect."); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir. 1999), *cert. denied*, 506 U.S. 831, 113 S.Ct. 96, 121 L.Ed.2d 56 (1992). ("Collateral estoppel will apply where (1) *the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue*, and (2) the issue was fully and fairly litigated in state court.")(emphasis added); *In re Sweeney*, 276 B.R. 186, 189 (6th Cir. BAP 2002)("The full faith and credit principles of 28 U.S.C. §1738 require us to look to state law to determine whether the Ohio courts would give preclusive effect to the judgment in question, . . ."); *In re Bruce*, 593 B.R. 765, 772 (Bankr. S.D. Ohio 2018).

"[I]n Ohio, '[i]t is well settled that the pendency of an appeal does not prevent the judgment's effect as *res judicata* in a subsequent action.' *New York Life Ins. Co. v. Tomchik*, 1999 Ohio App. LEXIS 1078, *7, 1999 WL 159227 (Ohio 7th App. Dist. Mar. 17, 1999)(citing *Cully v. Lutheran Medical Center*, 37 Ohio App.3d 64, 65, 523 N.E.2d 531 (Ohio 8th App. Dist.1987))." *Paragon Molding LTD. v. Safeco Ins. Co*., 2010 WL 3732126, 2010 U.S. Dist. LEXIS 99129 at *51 (S.D. Ohio June 10, 2010); *and see*, *Libertarian Party of Ohio v. Husted*, 831 F.3d 382, 406 (6th Cir. 2016)("And under Ohio law, "[t]he pendency of an appeal ... does not prohibit application of claim preclusion."); *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016)(citing *Cully*); *Hapgood v. City of Warren*, 127 F.3d 490, 494 n.3 (6th Cir. 1997); *Firestone v. CitiMortgage, Inc*., 2022 WL 33448622 at *7 (N.D. Ohio Aug. 12, 2022)(citing *Hapgood* and *Cully* and noting: "Under Ohio law, a state court decree in foreclosure is a final judgment.").

In this case, the court finds that all four elements of collateral estoppel are satisfied regarding Debtor's liability on the debt and validity of the mortgage. Debtor was a party in the state court action, which resulted in a final judgment on the merits under Ohio Rule of Civil Procedure 56. [Doc. #136]. The validity of the debt was actually litigated and judgment was entered against Defendant Kimberly Ann Chapman in the amount of $103,952.98. Further, the validity of the mortgage was also essential to that judgment, as the trial court cited the mortgage and expressly found that "Plaintiff has a valid and subsisting lien on the subject premises . . . ." [Doc. 136, p. 5, ⁋8]. The Foreclosure Judgment was affirmed by the Appellate Court. [*Id.*, pp. 11-22]. Thus, most of the issues relating to the debt's validity here, in connection with U.S. Bank's proof of claim, appear to be issues decided in the state court proceeding.

Accordingly, this court must give full faith and credit to the state court Foreclosure Judgment, which established the validity of the mortgage on the property located at "848 FRANKLIN RD NE, Massillon,OH",[8] Debtor's liability on the debt, and the amount owed at the time the Foreclosure Judgment was entered, and the applicable interest rate on the judgment. [Doc. #136, pp. 3-9].

### E. Remaining Issues

One issue raised by the Debtor which is not subject to the preclusion doctrines discussed above, is the issue of the assignment of the mortgage (along with "certain note(s)") from NewRez LLC to U.S. Bank that occurred after the state court litigation had concluded, and about a month after Debtor's Chapter 13 case was filed. The assignment from NewRez, LLC to "U.S. Bank Trust National Association, not in its individual capacity but solely as owner Trustee for RCAF Acquisition Trust" is dated July 8, 2024. [Doc. #108, Exhibit B-2, p. 5; Proof of Claim 7-2, p. 43]. Thus, the assignment was after the June 7, 2024 filing date of the above captioned Chapter 13 case.

Debtor cites 15 U.S.C. §1692a(4) to challenge the validity of U.S. Bank/Selene Finance's proof of claim or lien. Section 1692a(4) is a definitional provision within the Fair Debt Collection Practices Act ("FDCPA") that provides:

> (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any

---

[8] / [Doc. #136, Exhibit A, "Description of Land", p. 8].

9

person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

This definition is clearly relevant in determining whether an entity is a "debt collector" subject to FDCPA restrictions.

Because "debt collector" (as defined in the FDCPA) is confined to persons collecting or attempting to collect a debt "owed or due another," the United States Supreme Court has determined that the FDCPA does not apply to individuals and entities collecting or attempting to collect their own debts. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 137 S.Ct. 1718, 198 L.Ed.2d 177 (2017). Debtor has presented no evidence that U.S. Bank is not a "creditor who offers or extends credit", nor is there any evidence that the assignment of the mortgage (which was in default at the time of the July 8, 2024 assignment) was "solely for the purpose of facilitating collection of such debt for another." *See*, §1692a(4). Notably, the proof of claim lists the trust entity as being owned by U.S. Bank. [Proofs of Claim 7-1 and 7-2] and Debtor has provided no evidence that the mortgage was ever assigned to Selene Finance, LP, which appears to be U.S. Bank's mortgage servicer.

More importantly, even if Debtor's allegations were true, this definitional provision in the FDCPA does not itself create a cause of action or impose obligations on debt collectors. *See generally*, *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 467, 139 S.Ct. 1029, 1031, 203 L.Ed.2d 390 (2019)(analyzing 15 U.S.C. §1692a to define "debt collector," emphasizing its role in clarifying the Act's scope rather than creating substantive causes of action). If the statute creates no cause of action – in and of itself - any claim based solely on §1692a(4) would not be legally actionable. Debtor cites to no substantive provision of the FDCPA that would allow her to essentially void her mortgage obligations on these facts.

Further, even if there was an FDCPA claim outside of the bankruptcy context, establishing such a claim based on the creditor filing of a proof of claim in a bankruptcy case is, at best, difficult in light of the Supreme Court's decision in *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 233-235, 137 S.Ct. 1407, 1414-1416, 192 L.Ed.2d 790 (2017). Courts have also held that even when a mortgage servicer is incorrectly identified as the creditor, such a misrepresentation was not material. *Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F.3d 75, 85 (2nd Cir. 2018).

10

Judicial estoppel is an additional potential problem for Debtor's position because no FDCPA claim was listed as an asset on Schedule A/B, in response to Question 33, which requires debtors to list: "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." [Doc. #16, p. 12, Question 33].[9] Questions 34 and 35 were similarly checked as "No". [*Id.*].

More generally, courts have held that the assignment of a perfected mortgage is not a transfer of property of the estate, and "the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy." *Kapila v. Atlantic Mortgage & Investment Corp (In re Halabi)*, 184 F.3d 1335, 1337-1338 (11th Cir. 1999). The Sixth Circuit has agreed with the reasoning in *Halabi*, and specifically held that the assignment of an interest in a perfected mortgage is not a violation of the automatic stay. *Rogan v. Bank One (In re Cook)*, 457 F.3d 561, 568 (6th Cir. 2006).

In regards to Debtor's assertion that the original amount of the May 24, 2012 mortgage loan listed on the assignment of $97,241.00 [Revised Objection to Chapter 13 Proof of Claim by Selene Finance LP, Doc. #108, C-1] is somehow contradictory to the payoff figure of $121,415.85 provided to Gary Sarver by letter[10] dated October 18, 2024, the court notes that: 1) the Foreclosure Judgment established the debt as $103,952.98 as of October 1, 2023; 2) both the note and the Foreclosure Judgment provide for interest and the letter lists unpaid interest in the amount of $5,520.64; and 3) while Ohio restricts the inclusion of some costs from being added to a mortgage debt, other costs are allowable, such as real estate taxes paid by the mortgage holder, which appear to be listed under "Escrow Advance" in the payoff letter attached to Debtor's Revised Objection. [Doc. #108, p. 7-8].

---

[9]/ Debtor did list, under "Government and corporate bonds and other negotiable and non-negotiable instruments" a number of civil case numbers – including 2023CV00579 – as having a value of "$821,736.00". [Doc. #16, at p. 10, Question 20]. It is unclear what this is disclosing, or intended to disclose.

[10]/ This payoff letter [Doc. #108, Exhibit C-1 & 2, pp. 7-8] is not the proof of claim. Proof of Claim 7-1 and Amended Proof of Claim 7-2 attach accounting records in support of the amount claimed to be owed. ["Mortgage Proof of Claim Attachment", Part 5: Loan Payment History from First Date of Default, pp. 4-8; & Amended Proof of Claim 7-2, pp. 4-8]. Debtor has not addressed the accuracy of those records other than through reference to the Sarver payoff letter and the statement in her Revised Objection that: "Clearly we can see by Exhibit C 1-2 that appears to be some semblance of impropriety existing between to alleged debt collectors which would be unlawful according to; 15 U.S. Code §1692a(4) . . . ." [Doc. #108, p. 1]. This is insufficient to overcome Federal Rule of Bankruptcy Procedure 3001(f)'s presumption of validity, as discussed below.

11

Finally, the court notes that an objection to a claim can properly address three issues: (i) the validity of the debt; (ii) the amount due to the creditor as of the petition date; or (iii) whether the debt falls within a finite list of reasons under §502(b) for which the claim may be denied. *In re Diehl*, 2018 WL 2670489 at *1, 2018 Bankr. LEXIS 1625 at *2 (Bankr. N.D. Ohio June 1, 2018). "If an objection to a claim posits some other basis, it is not an objection to a claim as set forth in § 502." *Id*.

Accordingly, for all of the reasons discussed above, Debtor's Revised Objection [Doc. #108] is insufficient to overcome the presumption of validity accorded to a properly filed proof of claim under Federal Rule of Bankruptcy Procedure 3001(f)("(f) **Proof of Claim as Prima Facie Evidence of a Claim and Its Amount.** A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount."). *See e.g*., *In re Bauer*, 660 B.R. 649, 658-659 (Bankr. N.D. Ohio 2024); *In re Harris*, 2022 WL 198852 at *6, 2022 Bankr. LEXIS 153 at **17-18 (Bankr. N.D. Ohio Jan. 21, 2022); *In re Booker*, 301 B.R. 207, 201-211 (Bankr. N.D. Ohio 2003).

Accordingly, it is **ORDERED** that the Revised Objection to Chapter 13 Proof Of Claim By Selene Finance, LP be, and is hereby, Denied.

# EXHIBIT 1

FILED

2024 NOV 25 PM 3:22

United States Bankruptcy Court
Northern District of Ohio
Canton

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case Number 24-60759 |
| | ) | Chapter: 13 |
| Kimberly Ann Chapman | ) | Judge John P. Gustafson |
| 7209 Grovedell St SE | ) | |
| Waynesburg, OH 44688 | ) REVISED OBJECTION TO CHAPTER 13 PROOF |
| SSN/ITIN: xxx-xx-7291 | ) OF CLAIM BY SELENE FINANCE LP |
| Debtor(s) | ) |

Now comes KIMBERLY ANN CHAPMAN, Debtor and layman not well versed in Bankruptcy Law as ordered by Presiding Judge of this Bankruptcy case to Revise this Objection to Chapter 13 Proof of Claim by Selene Finance, LP. On 08/16/2024 Bonial & Associates, P.C. of 14841 Dallas Parkway, Suite 350, Dallas, TX 75254 submitted a Proof of Claim Form 410 which states in Part 1 the current Creditor is U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for RCAF Acquisition Trust is the name of the current Creditor and Selene, LP is the listed address for U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for RCAF Acquisition Trust. The objection is to the increasing original loan amount from 97,241.00 as seen on **Exhibit B 1 of 3** to 118.840.95 to as seen on **Exhibit B 3 of 3**. If this purchase took place and was recorded on change of assignment of alleged ownership from NEWREZ LLC F/K/A NEW PEN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING recording no.202407220024069 07/22/2024 08:57 AM, **See Exhibit B 1-2,** was through assignment of mortgage assigned to U S BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST. SELENE FINANCE, LP is a known debt collector, but cannot collect debt on behalf of another debt collector i.e., NEWREZ LLC F/K/A NEW PEN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING if this Assignment of Mortgage truly exist and no debt may follow this alleged purchase. Thus there should be no arrearage in this bankruptcy case concerning, U S BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST if all current mortgage payments are current and not behind to this point. Clearly we can see by **Exhibit C 1-2** there appears to be some semblance of impropriety existing between to alleged debt collectors which would be unlawful according to;

*15 U.S. Code § 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he*

1

*receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.*

 Debtor demands a meeting and location local inspect all wet ink signed Notes associated with property located at 848 Franklin Rd NE, Massillon, Ohio 44646. In the interest of law these Notes production request are to start with the first open end mortgage from CAMCO MORTGAGE CORPORATION and KIMBERLY A MOULOUS dated October 31, 1997. Law dictates there cannot exist any bifurcation of the Original Note and Mortgage in the chain of title or the chain of title has been broken. Debtor will not accept a copy of any Note as proof of claim. When illegal copies of money are made its called forgery of money or government bonds. Forgery can be defined by 18 U.S.C. 1519 Destruction, alteration, or falsification of records and or 18 U.S.C. § 471.

Admit or Deny to parts 6-9.

Part 6 of the Proof of Claim Debtor's account number used to identify the Debtor is not her account number, or bond number. Admit or Deny.

Part 7 of proof of claim; how much is the claim 97,241.00 as on assignment of mortgage, or 113,393.95 as listed on proof of claim. Admit or Deny.

Part 8 of the Proof of Claim states "What is the basis of the claim" and the answer is "Money Loaned", as it pertains to *12 CFR § 7.4008- Lending by national banks.* Debtor further objects and request a statement of accounting showing how this payment was made to the Debtor with verifiable proof of receipts to substantiate this alleged payment ("Money Loaned"). Admit or Deny.

Part 9 of the Proof of Claim states "Is all or part of the claim secured" the box yes was check and the basis for perfection: Recordation of Lien. Please produce the UCC-1 Lien. Amount claimed as owed is not to Selene Finance, LP who is not the Creditor, but to U S BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST Admit or Deny.


Though *12 CFR § 7.4008- Lending by national banks.*

*(a) Authority of national banks. A national bank may make, sell, purchase, participate in, or otherwise deal in loans and interests in loans that are not secured by liens on, or interests in, real estate, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any other applicable Federal law.*

*(b) Standards for loans. A national bank shall not make a consumer loan subject to this § 7.4008 based predominantly on the bank's realization of the foreclosure or liquidation value of the borrower's collateral, without regard to the borrower's ability to repay the loan according to its terms. A bank may use any reasonable method to determine a borrower's ability to repay, including, for example, the borrower's current and expected income, current and expected cash flows, net worth, other relevant financial resources, current financial obligations, employment status, credit history, or other relevant factors.*

2

*(c) Unfair and deceptive practices. A national __bank__ shall not engage in unfair or deceptive practices within the meaning of section 5 of the __Federal Trade Commission Act__, __15 U.S.C. 45(a)(1)__, and regulations promulgated thereunder in connection with loans made under this § 7.4008.*

Designing, compiling, and furnishing any form knowing that the form would be used to create the false belief in a borrower that a person other than the licensee is participating in the collection of or in an attempt to collect a debt the borrower allegedly owes the creditor, when in fact the person is not so participating. *15 U.S. Code § 1692a(4)*

In addition to the requirements of this section, a debt collector shall follow the practices set forth in the federal "Fair Debt Collection Practices Act," 91 Stat. 874 (1977), sections 15 U.S.C. 1692b, 15 U.S.C. 1692c, 15 U.S.C. 1692d, 15 U.S.C. 1692e, and 15 U.S.C. 1692f, as those sections of federal law exist on the effective date of this section. In the event of a conflict between described practices in the federal act and described practices in this section, this section shall prevail.

This debt validation request and objection to proof of claim B-10 filed by Selene Finance LP is submitted by Debtor KIMBERLY ANN CHAPMAN as listed on communication from Selene Finance LP debt collector as listed address for U S BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,

**WHEREFORE**, Debtor prays that the above-described Official Form 410 Proof of Claim is not allowed as a right of Law.

Kimberly Ann Chapman, Debtor
7209 Grovedell St SE
Waynesburg, Ohio [44688-9125]
330-327-1301
Kim.chapman74@yahoo.com

Dated: 25 November 2024

3

202407220024069  07/22/2024 08:57 AM
P: 1 of 2        F:$38.00
Jamie Walters    A/M
Stark County Recorder
ERECORDING



EXHIBIT
B 1 of 3

Prepared By and Return To:
**Murat Deniz**
Meridian Asset Services, LLC
140 Fountain Parkway N Suite 100
St. Petersburg, FL 33716
(239) 351-2442

Space above for Recorder's use



22130496

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING**, whose address is **4000 CHEMICAL ROAD SUITE 200, PLYMOUTH MEETING, PA 19462**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST**, whose address is **C/O SELENE FINANCE LP, 3501 OLYMPUS BLVD., SUITE 500, DALLAS, TX 75019**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: 5/24/2012
Original Loan Amount: $97,241.00
Executed by (Borrower(s)): **KIMBERLY A. MOULOS NKA KIMBERLY SARVER & GARY SARVER A/K/A GARY D. SARVER**
Original Lender: JPMORGAN CHASE BANK, N.A.
Filed of Record: In Book/Liber/Volume N/A, Page N/A
Document/Instrument No: **201206110025948** in the Recording District of **Stark, OH**, Recorded on **6/11/2012**.

Property more commonly described as: 848 FRANKLIN RD NE, MASSILLON, OHIO 44646

4773779



EXHIBIT
B 2093

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **JUL 0 8 2024**

NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING

By: ANGIE FAY CHAPMAN
Title: VICE PRESIDENT

Witness Name: Teo Prince

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **SOUTH CAROLINA**
County of **GREENVILLE**

On **JUL 0 8 2024**, before me, **Jennifer Korn**, a Notary Public, personally appeared ANGIE FAY CHAPMAN, VICE PRESIDENT of/for NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **SOUTH CAROLINA** that the foregoing paragraph is true and correct. I further certify ANGIE FAY CHAPMAN, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): Jennifer Korn
My commission expires: **JUN 1 3 2029**

JENNIFER KORN
MY COMMISSION
EXPIRES
06/13/2029
NOTARY PUBLIC
SOUTH CAROLINA

4773779





000319-000002-000003-000838 2100888 4595LT01_1
Selene Finance LP
P.O. Box 8619
Philadelphia, PA  19101-8619

Temp-Return Service Requested



GARY D SARVER
KIMBERLY A CHAPMAN
7209 GROVEDELL ST SE
WAYNESBURG, OH  44688-9125

**EXHIBIT**

B 3 of 3

07/19/2024

GARY D SARVER
KIMBERLY A CHAPMAN
7209 GROVEDELL ST SE
WAYNESBURG, OH  44688

**Selene Finance LP ("Selene") is a debt collector.** We are trying to collect a debt that you owe to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCAF Acquisition Trust.  We will use any information you give us to help collect the debt.

| Re: | **Account Loan:** | 2005072443 |
| | **Mortgagor(s):** | GARY D SARVER |
| | | KIMBERLY A CHAPMAN |
| | **Property:** | 848 FRANKLIN RD NE |
| | | MASSILLON, OH 44646 |

**Our information shows:**

You have a mortgage account that is currently owned by U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCAF Acquisition Trust with account number 2005072443

| | |
|---|---|
| As of 10/01/2022, you owed: | $109,741.63 |
| Between 10/01/2022 and today: | |
| You were charged this amount in interest: | $5,143.71 |
| You were charged this amount in fees/advance: | $3,955.61 |
| You paid or were credited this amount toward the debt: | $0.00 |
| Total amount of the debt now: | $118,840.95 |

**How can you dispute the debt?**

- **Call or write to us by 08/25/2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 08/25/2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents

CS100

NMLS #6312

2 of 5



# COOKE DEMERS, LLC
## ATTORNEYS AT LAW

EXHIBIT
C 1 of 2

October 18, 2024

**VIA REGULAR U.S. MAIL**

Gary Sarver
7209 Grovedell Street, Southeast
Waynesburg, OH 44688

RE: 848 Franklin Road, Northeast, Massillon, OH 44646
NewRez LLC f/k/a NewPenn Financial, LLC d/b/a Shellpoint Mortgage
Servicing v. Kimberly Ann Chapman HTTA Kimberly A. Moulos a/k/a
Kimberly Sarver, et al.

Dear Mr. Sarver:

In accordance with your request, this letter is being sent to provide you with the amount needed to **Payoff** your client's account with Selene Finance, LP. The following is a breakdown of the payoff amounts for the above referenced loan good through November 8, 2024.

| | |
|---|---|
| Principal Balance: | $103,700.93 |
| Interest: | $5,520.64 |
| Foreclosure Costs | $3,922.30 |
| Escrow Advance | $5,277.93 |
| Corporate Advance Balance | $4,055.61 |
| Unpaid Late Charges | $18.21 |
| Recording Fee | $34.00 |
| Unapplied Balance | ($1,113.77) |
| **Total Due** | **$121,415.85** |

*\*The total amount due includes all past due payments as well as fees and other charges incurred as of the date of this reinstatement quote. Acceptance of the total amount due is not conditioned upon payment of any amounts incurred after the date of the reinstatement quote. Amounts incurred after the date of the reinstatement quote shall remain the responsibility of the borrower.*

We are proceeding with the foreclosure action; fees, costs or other advances made by the holder of the loan may be due, in addition to the sum quoted. The borrower(s) remain responsible for any additional costs or expenses incurred prior to the actual reinstatement date.

260 MARKET ST., SUITE F • NEW ALBANY, OHIO 43054
**office** 614.939.0930 • **fax** 614.939.0987
www.cdgattorneys.com

EXHIBIT
C 2 of 2

**PLEASE CONTACT OUR OFFICE (24 HOURS IN ADVANCE) PRIOR TO SENDING FUNDS SO THAT WE CAN VERIFY THE TOTAL AMOUNT DUE AT THAT TIME.**

A **CERTIFIED CHECK OR MONEY ORDER** for the **TOTAL REINSTATEMENT OR PAYOFF** amount must be in our office no later than 12:00 noon on November 7, 2024. Our client reserves the right to correct any mistake that it made in the preparation of its reinstatement quotation and to demand the correct amount due and owing. Furthermore, foreclosure proceedings will continue until full reinstatement or payoff is made and accepted by the mortgage company.

The Certified Check or Money Order must be **made payable to Selene Finance, LP** and **mailed to:**

COOKE DEMERS LLC
260 Market Street, Suite F
New Albany, OH 43054

If you have any further questions or require further information regarding this matter, please do not hesitate to advise us.

Very truly yours,

David J. Demers/mm

David J. Demers
DJD/mm

**PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY AND ALL INFORMATION PROVIDED BY YOU WILL BE USED FOR THAT PURPOSE.**

**Important Notice to Mortgagors Involved in a Bankruptcy proceeding:** If you are a debtor involved in a bankruptcy proceeding, this statement has been sent to you merely for informational purposes and may be disregarded as an attempt to collect the debt (unless your mortgage is subject to an in rem order). If the automatic stay is in effect, we will not act to collect the debt owed until the stay has been lifted or the case has been discharged, please be assured that we are not attempting, and will not attempt, to collect this debt as a personal obligation, except in those circumstances when we may have the right to do so under applicable bankruptcy law. Otherwise, we will seek recovery of the debt from the property securing this debt.

CERTIFICATE OF SERVICE

I certify that on November 25Th, 2024, a true and correct copy 0f this Revised Objection to Chapter 13 Proof of Claim by Selene Finance, LP.

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List, and/or by regular U.S. mail, postage prepaid, on:

1. U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual
    capacity but solely as owner trustee for RCAF ACQUISITION TRUST
    U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual
    capacity but solely as owner trustee for RFC2 TRUST
    C/O SUSANA E. LYKINS(00756030) ATTORNEY with
    ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
    13010 MORRIS ROAD, STE 450
    ALPHARETTA, GA 30004-2001

2. SELENE LP ATTN: BK DEPT  ACCT# 2005072443, ACCT# 10103273
    3501 OLYMPUS BOULEVARD, 5TH FL, SUITE 500
    DALLAS, TX 75019

3. DYNELE L SCHINKER-KUHARICH
    OFFICE OF THE CHAPTER 13 TRUSTEE
    200 MARKET AVENUE NORTH, STE LL30
    CANTON, OH 44702

4. NEW REZLLC f/k/a NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING
    COOKE DEMERS, LLC DEBT COLLECTOR
    260 MARKET ST., STE F
    NEW ALBANY, OH 43054

5. Syncb/Sam's Club DC
    PO Box 71727
    Philadelphia, PA 19176-1727
    Account No. 5213331264605784

4

6. HUNTINGTON NATIONAL BANK (CLOSED)
   PO BOX 1558 DEPT EA4W25
   COLUMBUS, OH 43216-1558
   (800) 480-2265
   Account No. xxxxxxx 4672

7. STARK COUNTY COURT OF COMMON PLEAS, OHIO
   115 Central Plaza N,
   Canton, OH 44702

8. KOLS/CAPITAL ONE
   PO BOX 3115
   MILWAUKEE, WI 53201-5740
   Acct No.xxxxxxxxxxxx7501

9. NAVY FEDERAL CREDIT UNION
   PO BOX 3700 ATTN CBR DISPUTES
   MERRIFIELD, VA 22119-3700
   Acct No. xxxxxxxxxxxx6506

10. Cynthia J. Thayer, U.S. Department of Justice, 201
    Superior Avenue, Suite 441, Cleveland, OH 44114-1234

By _____

KIMBERLY ANN CHAPMAN.
7209 Grovedell St SE
Waynesburgy, Ohio 44688-9125
330.327.1301
kim.chapman74@yahoo.com

5