The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 6 2025

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-60759 |
| | ) | |
| Kimberly Ann Chapman, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### TENTATIVE RULING ON DIRECT PAYMENT OF GENERAL UNSECURED CREDITORS BY DEBTOR, ORDERING THE STRIKING EMBEDDED MOTIONS WITHOUT PREJUDICE, AND MEMORANDUM OF CASE LAW CITATIONS REFERENCED AT THE JUNE 4, 2025 CONFIRMATION HEARING

This matter is before the court on *pro se* Debtor Kimberly Ann Chapman's seventh Amended Chapter 13 Plan [Doc. #188] scheduled and held on June 4, 2025. The *pro se* Debtor and Attorney for Selene Finance LP appeared at the hearing by telephone. The Chapter 13 Trustee was present in the courtroom.

The procedural history of filed Chapter 13 Plans in this case is as follows: 1) July 16, 2024 (the original Chapter 13 Plan) [Doc. #24]; 2) August 12, 2024 (First Amended Chapter 13 Plan) [Doc. #49];

1

3) August 13, 2024 (Second Amended Chapter 13 Plan) [Doc. #44]; August 21, 2024 (Third Amended Chapter 13 Plan) [Doc. #52]; August 26, 2024 (Fourth Amended Plan) [Doc. #58]; March 17, 2025 (Fifth Amended Plan) [Doc. #161]; April 21, 2025 (Sixth Amended Plan) [Doc. #181]; May 2, 2025 (Seventh Amended Plan) [Doc. #189]; May 30, 2025 (Eighth Amended Plan) [Doc. #196]. Debtor will be filing her Ninth Amended Plan pursuant to the court Order that will be entered after the June 4, 2025 Hearing.

Because this Chapter 13 case has been pending for almost a year, and Debtor's Amended Plans have restated provisions that have drawn objections, and because of the corresponding delay in getting to a substantive hearing on the issues that have been raised in the objections filed by the Chapter 13 Trustee and Salene Finance, L.P., the court addressed some of the issues presented, even though the most recently filed (Eighth Amended Plan) prevented a hearing on the earlier Seventh Amended Plan.

First, the court stated its intent to rule that the inclusion of the provision in Debtor's Chapter 13 Plan [that she would pay general unsecured creditors directly] made the Chapter 13 Plan unconfirmable. *See*, [Doc. #196] Chapter 13 Plan, Doc. #196, 5.3 (listing three general unsecured debts with the notation "TO BE PAID BY DEBTOR".) While the direct payment of secured claims by the Chapter 13 debtor as disbursing agent is permitted by most courts, and there appears to be at least a slight majority of courts that allow certain long-term unsecured debts (mostly student loans with a contractual term extending longer than the Plan term), the strong majority of courts have held that a Chapter 13 Plan with a provision allowing direct payment of unsecured debts is not confirmable.

The court in *In re Hanson*, 310 B.R. 131, 135 (Bankr. W.D. Wis. 2004) stated:

> Most reported decisions refuse to confirm plans that propose to pay certain creditors or classes of creditors directly by the debtor, particularly when the proposed direct payment is to an unsecured claimant. *In re Reid*, 179 B.R. 504 (E.D. Tex.); *In re Veasley*, 204 B.R. 24 (Bankr. E.D. Ark. 1996); *In re Bettger*, 105 B.R. 607 (Bankr. D. Or. 1989); *In re Hartdegen*, 67 B.R. 230 (Bankr. N.D. Ala. 1986); *In re Evans*, 66 B.R. 506 (Bankr. E.D. Pa. 1986); *In re Eby*, 38 B.R. 318 (Bankr. D. Or. 1984); *In re Reines*, 30 B.R. 555 (Bankr.

D.N.J. 1983); *In re Gaskin*, 79 B.R. 388 (Bankr. C.D. Ill.1 987); *In re Gregg*, 179 B.R. 828, 830 (Bankr. E.D. Tex. 1995); *In re Weeden*, 7 B.R. 106 (Bankr. D.R.I. 1980); *In re Blevins*, 1 B.R. 442 (Bankr. S.D. Ohio 1979).

As the *Bettger* court noted: "If direct payments to unsecured creditors were permitted, it would be difficult for the trustee and the court to know if the debtor had made all of the required payments under the confirmed Chapter 13 plan. This is important for a number of reasons, the most important of which is that the debtor is not to receive a discharge pursuant to §1328(a) until all payments have been made under the plan. Requiring that such payments be made by the trustee also relieves unsecured creditors of the need to monitor the debtors' performance, or to insure that they have received their pro-rata share of payments." *In re Bettger*, 105 B.R. 607, 609 (Bankr. D. Or. 1989); *see also*, *In re Barbee*, 82 B.R. 470, 474-475 (Bankr. N.D. Ill. 1988)("The supervision of the execution of the plan and duty to insure that plan payments are made are primarily the Chapter 13 trustee's duty. As a result, the creditor is relieved of continuing to deal directly with the debtor while the Chapter 13 trustee protects the creditor's interest. The trustee's duties to ensure systematic accountability include his responsibility to file an annual report, account for all monies and ensure timely payments. If payments are made directly by the debtor, neither court files, nor trustee records will reflect necessary information to determine successful completion of the plan.")(citations omitted).

The court has expressed no opinion on the direct payments made by Debtor to unsecured creditors to date, except to note that is not what Chapter 13 contemplates, and that it will make the Chapter 13 Trustee's payment of filed claims more difficult. But the court will hold that where there is an objection by a party in interest, a Chapter 13 Plan cannot be confirmed that seeks to bind general unsecured creditors to direct payments by the Debtor.

Direct payment of secured creditors presents different issues. In Canton, Judge Kendig joined two Cleveland bankruptcy judges in signing Administrative Order 17-04, which provides a presumption that mortgage payments will be made by the Chapter 13 trustee, unless the court orders otherwise:

> (b) Conduit Payments—When Required. Unless the Court orders otherwise for good cause (including but not limited to the absence of a prepetition mortgage delinquency), all Mortgage Payments shall be made by the Debtor to the Trustee for the disbursement by the Trustee as Conduit Payments. The plan payment to be paid by the Debtor to the Trustee shall include the Conduit Payment, inclusive of Trustee's fees.

*See*, https://www.ohnb.uscourts.gov/judges-info/administrative-orders which provides a link to "Administrative Orders for judges who are no longer with the Court":

https://www.ohnb.uscourts.gov/administrative-orders-for-inactive-judges .

The "MEMORANDUM RE: CANTON TRANSITION PROCEDURES FOR CHAPTER 13 CASES AND RELATED ADVERSARY PROCEEDINGS ASSIGNED TO JUDGE JOHN P. GUSTAFSON" specifically "Reinstitutes": "3) Order Governing Conduit Mortgage Payments in Chapter 13 Cases, Order No. 17-4." Thus, the proper procedure for a Chapter 13 Debtor seeking to pay a mortgage directly is to request, by Motion, an Order allowing the direct payment of the mortgage obligation. Debtors seeking to confirm a Chapter 13 Plan providing for direct mortgage payments are required to serve the mortgage creditor, the Chapter 13 Trustee, parties who have requested notice and those who are otherwise entitled to notice, providing them with the opportunity to object to direct payments. *See*, Local Rules 9013-1(a) and 9013-3.

Second, the court briefly discussed Debtor's claim that she is a trust, based on a filing/registration she alleges she made in New York:

Debtor KIMBERLY ANN CHAPMAN is a New York registered organization,[1] as

---

1/ Under the Uniform Commercial Code as adopted in New York, "'Organization' means a person other than an individual." NY UCC § 1-201(25) (2024). In turn, "(27) 'Person' means an individual, corporation, business trust, estate,

4

24-60759-jpg    Doc 208    FILED 06/06/25    ENTERED 06/06/25 13:08:00    Page 4 of 9

reflected in a Uniform Commercial Code (UCC) filing recorded with the New York Department of State. This filing affitms the Debtor's legal status and supports the standing of KIMBERLY CHAPMAN INC., as Trustee for the CHAPMAN PRIVATE FAMILY TRUST - a secured party with rights enforceable under Article 9 of the Uniform Commercial Code.

Under 11 U.S.C. § 541(a), the bankruptcy estate includes all legal and equitable interests of the debtor, including those defined under state commercial law. Additionally, 11 U.S.C. § 544(a) permits the debtor to assert rights and defenses available to a hypothetical lien creditor, thereby recognizing security interests established under state law.

In *Butner v. United States*, 440 U.S. 48, 55 (1979), the U.S. Supreme Court held that property interests in bankruptcy are defined by applicable non-bankruptcy law unless a specific federal interest overrides it. Ohio bankruptcy courts routinely apply this principle. See, e.g., *In re Brunsman*, 438 B.R. 52, 55 (Bankr. S.D. Ohio 2010)[2] (relying on state law to define property interests). Thus, the New York UCC registration of KIMBERLY ANN CHAPMAN as a legal entity must be acknowledged and respected by this Court.

[Doc. #191, p. 2].

At the Hearing, the court noted that if Debtor was not an individual, but rather a trust, there were legal consequences to that status. One would be that the Debtor was not eligible to be a Chapter 13 debtor under 11 U.S.C. §109(e), which limits eligibility to an "individual". *See generally*, *Forest Products, Inc. v. Hope*, 34 B.R. 753, 754 (Bankr. M.D. Ga. 1983). Additional authority for that statement is found in 2 Collier on Bankruptcy, ¶109.06[1], at 109-07 (16th ed. 2023)("a trust is not an individual eligible to file a chapter 13 case"); *In re W.F.C. Real Estate Trust #1*, 236 B.R. 90 (Bankr. S.D. Fla. 1999); *In re McCarthy*, 312 B.R. 413 (Bankr. D. Nev. 2004)(sanctioning attorney for filing a Chapter 13 on behalf of a trust because it was not eligible). To the extent the claimed "trust" is not a "business trust" it is arguably

---

trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." NY UCC § 1-201(27) (2024)

2/ "In re Brunsman" is a fictitious case. It does not exist as an actual court decision. There is a decision at the cited location in the Bankruptcy Reporter, *In re Mims* – but it is not an Ohio bankruptcy court decision.

not even a "person" under the Bankruptcy Code, and is ineligible to file a bankruptcy case under any Chapter. *See*, *In re Hunt*, 160 B.R. 131 (9th Cir. BAP 1993).

The court also noted that to the extent Debtor, somehow, is a trust, or there is a trust with interests in this case such that it needed to appear before the bankruptcy court, Debtor should be aware that the trust cannot appear except through counsel. The prohibition against a trust appearing without an attorney comes from interpretations of the Supreme Court's decision in *Rowland v. California Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Decisions which directly address a trust appearing in federal court include: *Reddy v. American Express National Bank*, 2025 WL 1231955 at *2, 2025 U.S. Dist. LEXIS 81056 at *4 (S.D. Ohio April 29, 2025)(citing *Williams Hurst Gardens*); and, *Williams Huron Gardens 397 Trust v. Township of Waterford*, 2019 WL 1967 at *3, 2109 U.S. Dist. LEXIS 50454 at *9-10 (E.D. Mich. Feb. 28, 2019)("the consensus among courts is that trusts must be represented by an attorney" . . . [the rationale in *Rowland*] "has been extended to artificial entities such as trusts. *See Fields-Bey v. Lipford*, 2012 WL 1023049 (W.D. Tenn. Mar. 26, 20120); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994)("A nonlawyer, such as these purported "trustee(s) pro se" has no right to represent another entity, *i.e.*, a trust, in a court of the United States.")(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987)); *Keyway Leasing Trust v. United States*, 1999 WL 810386 (W.D. Mich. Aug. 26, 1999); *Marshall v. Wells Fargo Advisors, LLC*, 668 Fed. Appx. 874 (11th Cir. 2016) (A trust "can act only through agents, cannot appear *pro se*, and must be represented by counsel.")(quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

Notably, Debtor did not assert that she was a trust, or that she was also known as a trust in her bankruptcy Petition, which is filed under penalty of perjury. *See*, [Doc. 1, p. 1. Part 1, Q.2] ("All other names you have used in the last 8 years" was left blank).

6

In Debtor's Response to Objection to Confirmation of Chapter 13 Plan by Cooke Demers LLC and Salene Finance LP, she embeds "Motions" purporting to request relief in the body of her Response. The caption of the Response does not reflect that it improperly includes "Motions". These embedded "Motions" are improper, require no response, and will be stricken without prejudice to their refiling as proper separate Motions.

Motions for relief are to be filed separately, not embedded in other pleadings. *See e.g.*, *Loughridge v. McCain*, 2006 WL 3541778 at *3, 2006 U.S. Dist. LEXIS 86937 at *11 (W.D. Okla. Nov. 29, 2006)("plaintiff did not interpose his motion in lieu of a response to defendant's motion, rather, he **improperly embedded** his motion in his response to defendant's motion.")[3]; *Aych v. University of Arizona*, 2024 WL 4467608 at *3, 2024 U.S. Dist. LEXIS 118455 at *8 (C.D. Cal. July 5, 2024)("Aych nevertheless improperly embeds a "Motion for Leave to Amend Complaint" in his opposing memorandum" . . . "Regardless, Aych's **embedded motion is improper** and the Court STRIKES it.")(emphasis of "STRIKES" in original, bolding added); *Fisher v. Carnival Corp.*, 2025 WL 1168930 at *1 n.2, 2024 U.S. Dist. LEXIS 76205 at *2 n.2 (S.D. Fla. April 25, 2025)("Plaintiff **improperly** sought leave to amend her complaint **by embedding the request** within her opposition to Carnival's Motion to Dismiss."); *Nutramax Labratories, Inc. v. Lintbells Inc.*, 2023 WL 2598663 at *3, 2023 U.S. Dist. LEXIS 48838 at *7 (M.D. Fla. March 22, 2023)("To the extent that Nutramax seeks to conduct jurisdictional discovery, its request – embedded in a response in opposition to a motion – is procedurally improper and must be denied."); *Carmax Auto Superstores, Inc. v. Sibley*, 2016 WL 7493973 at *4 n.8, 2016 U.S. Dist. LEXIS 180993 at *8 n.8 (E.D. Va. Dec. 30, 2016)("Contrary to this Court's August 8, 2016 admonition, Sibley **improperly embeds** both Motions for Jurisdictional Discovery within oppositions to motions

---

3/ All emphasis in the quotations in this paragraph are added by this court, unless otherwise specifically noted.

brought by CarMax."); *Morgan v. Bill Vann Co., Inc.*, 2011 WL 6056083 at *7 n.9, 2011 U.S. Dist. LEXIS 140394 at *29 n.9 (S.D. Ala. Dec. 6, 2011)("As a preliminary matter, the form of this request is improper. **A motion to strike is not properly embedded in a memorandum of law**, but must be filed as a freestanding document."); *Forto v. Cap. One Bank, N.A.*, 2017 WL 4168529 at *3, 2017 U.S. Dist. LEXIS 153432 at *7 (N.D. Cal. Sept. 20, 2017)("Plaintiff's request to stay is procedurally improper; Plaintiff did not file it as a separate motion and instead included it with her objections to [Defendant's] Reply."); *In Our Alchemy, LLC*, 2019 WL 4447541 at *17, 2019 Bankr. LEXIS 2905 at *51 (Bankr. D. Del. Sept. 16, 2019)("The Court finds that a request for leave to amend a complaint that is **embedded** in a footnote of an opposition to a motion to dismiss **is improper**."); *Bullock v. Paris*, 2024 WL 1050098 at *1 n. 3, 2024 U.S. Dist. LEXIS 44436 at *1 n.3 (N.D. Ga. 2024)("**Embedding the request** for reimbursement within a Motion to Voluntarily Dismiss the Complaint **is improper**.").

While some of the cited cases rely on local rules, many simply hold that embedded motions are improper. In either enacting local rules prohibiting embedded motions, or in simply holding that embedded motion require no response, the underlying concerns are the same: putting a motion in the middle of another pleading does not provide notice reasonably calculated to apprise the opposing party of the relief "movant" is requesting. As stated by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865, 872–73 (1950):

> Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.... This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.... An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

24-60759-jpg    Doc 208    FILED 06/06/25    ENTERED 06/06/25 13:08:00    Page 8 of 9

Motions improperly embedded in other pleadings do not meet this standard. In addition, the court and the Bankruptcy Clerk's Office also need notice to calendar response dates and to set motions for hearing. Embedded Motions do not provide the court with the notice of the existence of requests for relief that need to be scheduled and set for hearing.

Going forward, Debtor will file and properly serve all Motions as separate documents, clearly stating that they are Motions in the caption. Future "Motions" will not be placed in the body of responses, briefs, or other pleadings.

One of Debtor's embedded Motions was styled: "VII. Motion to Compel Satisfaction of Mortgage". [Doc. 191, p. 3]. As the issue was raised in response to Salene Finance LP's Objection to confirmation of Debtor's Chapter 13 Plan, the court cited to a case decided by the Honorable Richard L. Speer that dealt with a similar issue, *In re Walton*, 77 B.R. 617 (Bankr. N.D. Ohio 1987).

Accordingly, it is

**ORDERED** that the court intends to deny confirmation of future Chapter 13 Plans that provide for direct payments of general unsecured creditors by the Debtor rather than the Chapter 13 Trustee.

**It is FURTHER ORDERED** Debtor's "Motions" that are embedded in other pleadings are stricken, and held for naught, without prejudice to those claims for relief being refiled as separate Motions.

# # #