**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**Dated: October 6 2026**

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-60759 |
| | ) | |
| Kimberly Ann Chapman, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | |
| | ) | Judge John P. Gustafson |

**MEMORANDUM AND ORDER DENYING DEBTOR'S AMENDED OBJECTION TO AMENDED CLAIM NO. 8-2 OF THE INTERNAL REVENUE SERVICE**

This cause comes before the court on Amended Debtor's Objection to Amended Proof of Claim No. 8-2 Pursuant to Bankruptcy Rule 3001(f) With Exhibits ("Objection") filed on July 28, 2026 [Doc. #361] and Debtor Kimberly Ann Chapman's Motion to Compel Accounting and Production of Documents Concerning June 14, 2025 Submission in Connection With Amended Proof of Claim No. 8-2 ("Motion to Compel"). [Doc. #379]. No response was filed by the Internal Revenue Service ("IRS") to: 1) Debtor's Objection to Amended Proof of Claim No. 8-2 Pursuant to Bankruptcy Rule 3001(f) With Exhibits filed on July 14, 2026 [Doc. #348]; 2) Amended Debtor's Objection to Amended Proof of Claim No. 8-2 Pursuant to Bankruptcy Rule 3001(f) With Exhibits filed on July 16, 2026. [Doc. #353]; or 3) the Objection before the court; or 4) the Motion

to Compel.[1]

As part of her effort to have the claim of the IRS either disallowed or reduced, there was a request by the Debtor to file documents under seal and for "in camera" review of those documents. [Doc. #350]. On August 5, 2026, the court held a preliminary hearing on the Motion to file documents under seal, and ordered the Debtor to redact the information permitted to be redacted by Federal Rule of Bankruptcy Procedure 9037, and to provide the court with the redacted copies at an evidentiary hearing on the Motion to Seal. On September 2, 2026, the court held an evidentiary hearing, and denied Debtor's Motion to filed documents under seal.[2] [Doc. #375].

Also before the court was the Debtor's Motion to Compel, which stated, in pertinent part:

> 5. On or about June 14, 2025, documents and instruments were transmitted to federal governmental recipients in connection with Debtor's federal tax account and the obligations subsequently implicated by the IRS claim.
>
> 6. The June 14, 2025 submission included documents associated with Standard Form 28, Standard Form 1414, Standard Form 1416, Standard Form 1418, Optional Form 90, Optional Form 91, and related supporting materials and instruments.

[Doc. #379, p. 2]

The basis for Debtor's Objection to the Amended Claim of the IRS was stated to be that: "The alleged debt has been **paid in full and satisfied** prior to or during the pendency of the bankruptcy case; **or** <u>*The alleged debt amount stated in the Proof of Claim is **inaccurate** due to</u> improper charges, misapplied payments, or <u>*failure to credit payments made;</u> or the Creditor failed to provide **required documentation** to substantiate the claim in compliance with **Bankruptcy**

---

1/ The extent to which of the various listed documents were served in full compliance with Federal Rule of Bankruptcy Procedure 7004(b)(5), if any, is not entirely clear. Whatever the case, this decision is not based on any possible service deficiencies.

2/ The public has a long-standing, "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For this reason, the party seeking to file a document under seal carries the heavy burden of overcoming this presumption. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). To meet this burden, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* The Bankruptcy Code permits filings under seal where the information is "trade secrets or confidential research, development, or commercial information, or "scandalous or defamatory matter". 11 U.S.C. §107(b). Debtor's documents did not meet those criteria. *See generally*, *Riccobono v. Barnum*, 2025 WL 3088987 at *1, 2025 U.S. Dist. LEXIS 217856 at **2-4 (D. Ariz. Nov. 5, 2025).

**Rule 3001(c)** and Official Form B410, including but not limited to the original signed agreement, itemized statement of interest, fees, and expenses, and evidence of perfection of any security interest." [Doc. #361 at pp. 1-2] (all emphasis in original).[3]

The Debtor further alleged: "**On 06-14-2025, DEBTOR tendered payment leaving no remaining balance, but a credit**". [*Id*. at p. 2]. The evidence that Debtor wished the court to consider in support of the Objection were the redacted documents, and certain mailing receipts that would support that the originals of the filed documents had been sent to the Internal Revenue Service, or that the Objection (or prior versions of the Objection) had been served on the IRS.

The redacted documents in issue are denominated as "Standard Forms" – specifically Standard Forms 28, 1414, 1416, and 1418. [Doc. #377]. These documents are not standard forms of the bankruptcy court, or the Internal Revenue Service. Instead, they are forms that are apparently promulgated by the General Services Administration ("GSA") for use in contracting with the federal government.[4] At the Hearing, the Debtor asserted that there is a bank guaranteeing, in some manner, these documents, but she would not disclose that bank's identity to the court.

"Standard Form 28" is an "Affidavit of Individual Surety". [Doc. #377 at Exs. B2-B5, pp. 15-18]. "Standard Form 1414" is a "Consent of Surety". [Doc. #377 at Exs. C1 – C2, pp. 19-20]. "Standard Form 1416" is a "Payment Bond for Other Than Construction Contracts". [Doc. 377 at Exs. D1-D2, pp. 21-22]. "Standard Form 1418" is a "Performance Bond for Other Than Construction Contracts". [Doc. #377 at Exs. E1-E4, pp. 23-26]. Although Debtor's Motion to Compel references "Optional Form 90, Optional Form 91" it does not appear that copies of those documents were filed with the court. [Doc. #379].

The Amended Proof of Claim of the Internal Revenue Service reflects that it is, in part, for income taxes in the amount of $105,071.24 for the tax year ending in 2023 and assessed on May

---

3/ The court has attempted to reproduce, as filed, Debtor's quoted pleadings.

4/ In attempting to determine the provenance of documents relied upon by the Debtor, the court found the original documents on the GSA website. Under Federal Rule of Evidence 201(b), courts can take judicial notice of information contained on state and federal government websites. *See*, *Yoder v. Brown*, 146 F.4th 516, 526 n.1 (6th Cir. 2025); *Berman v. Supreme Court of Ohio*, 2026 WL 592213 at *3 n.1, 2026 U.S. Dist. LEXIS at *6 n.1 (S.D. Ohio March 3, 2026). The GSA website has an "Information" page in front of the link to each of the PDFs of these forms. These access pages state: "Special Instructions: Notice: This form is intended for use by government contractors and contracting personnel for compliance with and management of financial security requirements in Federal Government contracts. Any other use is void of purpose."
*See e.g*., https://www.gsa.gov/reference/forms/affidavit-of-individual-surety

6, 2024. [Claim 8-2, at p. 4]. That portion of the claim is asserted to be an unsecured priority claim and includes $1,224.16 in "interest to the Petition Date". [*Id.*] The Amended Claim also reflects a civil penalty of $5,000, filed as a general unsecured claim, with no pre-petition interest asserted. [*Id.*] Correspondence filed by the Debtor as part of her Objection reflects that the $5,000 penalty is for the filing of a frivolous tax return. [Doc. #377, pp. 5-8].

**LAW AND ANALYSIS**

The Bankruptcy Code provides that a "creditor ... may file a proof of claim." 11 U.S.C. § 501(a). "A claim or interest, proof of which is filed under section 501 ... is deemed allowed, unless a party in interest ... objects." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S.Ct. 1199, 1204, 167 L.Ed.2d 178 (2007).

Under Federal Rule of Bankruptcy Procedure 3001(f), the filing of a compliant proof of claim constitutes "prima facie evidence of the validity and amount of a claim." *Midland Funding, LLC*, 581 U.S. at 230, 137 S.Ct. 1407 (quoting Fed. R. Bankr. P. 3001(f)). Under the majority view, the exceptions enumerated in §502(b) are the exclusive basis for claims disallowance. *See*, *Travelers*, 549 U.S. at 449, 127 S.Ct. 1199 ("But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in §502(b)."); *In re Sears*, 863 F.3d 973, 977 (8th Cir. 2017)("A claim that is filed under §501 is deemed 'allowed' against the debtor unless a party in interest objects and the claim implicates an exception listed in 11 U.S.C. §502(b)."); *In re Truscott*, 2026 WL 1970530 at *2, 2026 Bankr. LEXIS 1680 at **6-8 (Bankr. S.D. Ohio July 3, 2026); *In re Gorman*, 495 B.R. 823, 832-835 (Bankr. E.D. Tenn. 2013)(discussing the majority "exclusive" and minority "non-exclusive" on claims disallowance); *In re Pierson*, 447 B.R. 840, 845 (Bankr. N.D. Ohio 2011)("The grounds for a claim's disallowance are exclusive and are contained in paragraphs (1) through (9) of §502(b).").

The allegation that a debt has been paid implicates §502(b)(1), which provides that a claim will not be allowed, to the extent that: "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . . ." Generally, if a claim has been paid, it is no longer enforceable against a debtor or the debtor's property. Here, the applicable law is federal law, as the claim in issue is a claim for federal taxes and/or penalties and/or the improper filing of a federal tax return. Evidence of actual payment can rebut the presumption of the validity of a proof of claim.

However, "a debtor may not stand on only their objection, but must come forward with sufficient evidence to 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.' *In re McLaughlin*, 320 B.R. 661, 665 (Bankr.N.D.Ohio 2005)." *In re Samson*, 392 B.R. 724, 728 (Bankr. N.D. Ohio 2008); *see also*, *In re GEK Realty and Home Improvement LLC*, 609 B.R. 61, 68 (Bankr. E.D.N.Y. 2019)("Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim."); *In re Unimet Corp*., 74 B.R. 156, 165 (Bankr. N.D. Ohio 1987).

Here, the problem for the Debtor is that the documents submitted, even taken the light most favorable to the Debtor, are not legally effective instruments of payment. They are, instead, legal nullities. The documentary deficiencies are numerous and unfixable. The forms used by the Debtor are not instruments for payment, they are documents of suretyship and bonds – they essentially seek to substitute the obligation to pay taxes and penalties as set forth in the IRS's proof of claim, with "obligations" set forth in bogus, fabricated documents attempting to masquerade as a "bond". *See e.g*., *Noel v. Zoldak*, 2025 WL 474974 at *1, 2025 U.S. Dist. LEXIS 27663 at **1-2 (D. Mass. Feb. 12, 2025)(attempt to "pay" court filing fee "per Public Policy Insurance Bond" rejected as frivolous).

To the extent that Debtor's argument is that "payment" was "tendered" but not accepted – and therefore the debt extinguished: UCC 3-603 does not apply to the Internal Revenue Service. *Busche v. C.I.R*., T.C. Memo 2011-285, 102 T.C.M. (CCH) 566, 2011 WL 6089879 at *2 n. 5 (U.S. Tax Court Dec. 7, 2011). Instead, settlements or adjustments with the Internal Revenue Service must be accomplished in compliance with the federal statutes that authorize such actions. *See*, *Botany Worsted Mills v. U.S*., 278 U.S. 282, 288-289, 49 S.Ct. 129, 131-132, 73 L.Ed. 379 (1929). Settlements with the IRS are governed by 26 U.S.C. §§7121 and 7122, and related provisions of the Code of Federal Regulations. Where the statutory procedures have not been followed, or there is an absence of statutory authority, a taxpayer's attempt to assert a defense, such as accord and satisfaction, is not binding on the IRS. *See*, *U.S. v. Niksich*, 177 4th 1279 (11th Cir. 2026); *Laurins v. Commissioner*, 889 F.2d 910, 912 (9th Cir. 1989).

Further, it is a basic tenant of suretyship law that: "Since a surety is responsible to perform on behalf of another, one cannot be a "surety" for one's own performance." 74 Am.Jur.2d, Suretyship §1 (2026).[5]

---

5/ Any assertion that Debtor can get around this legal principle by claiming to be something other than herself – be

Moreover, the assertion that the tender of these spurious "bond" and "suretyship" documents is somehow a "payment" is contrary to basic legal principles. *See*, 70 C.J.S. Payment §2 (2026)("Payment is distinguished from tender in that tender does not discharge or satisfy the debt, whereas payment does."); 60 Am.Jur.2d, Payment §14 (2026)("[T]he mere tender of an instrument does not constitute payment of the underlying debt, rather, the parties must agree that it is a payment before it can be deemed such."). Instead: "The general rule is that both the payment of and tender of payment of a debt must be in money unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. If an obligation calls for a money discharge, then there cannot be payment except by paying the full amount called for in money or the representative of money. Unless the parties so agree, a debtor has no right, except at its own peril, to substitute something in lieu of money as the medium of payment of a debt." 60 Am.Jur.2d, Payment §18 (2026); *see also*, 70 C.J.S. Payment §1 ("Payment requires . . . delivery . . . of money or its equivalent. . . "; *In re Walton*, 77 B.R. 617, 620 (Bankr. N.D. Ohio 1987)(creditor was under no obligation to accept "payment" that "was not money, nor was it a commercially reasonable equivalent.").

Accordingly, for all of the above reasons, the Internal Revenue Service had no obligation to attempt to collect or apply "funds" using documents that are obvious spurious fabrications. There is no basis for allowing the continuance of litigation attempting to force an accounting, or adjustment of the allowed claim of the Internal Revenue Service based upon sham documents.

As the Sixth Circuit has noted: "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 489 (6th Cir. 1999). The court finds that is the situation here and dismisses Debtor's Objection to claim pursuant to *Apple*'s directive.

While the Debtor has not declared herself to be a sovereign citizen, or a tax protestor, or

---

it an estate, a "Registered Organization", a trust, or the like - is sovereign citizen "pseudolaw" that the court summarily rejects. *See*, *Thomas v. All In Credit Union*, 2023 WL 9197752 at *8, 2023 U.S. Dist. LEXIS 218124 at *19 (S.D. Ala. Dec. 7, 2023), report and recommendation adopted, *Thomas v. All In Credit Union*, 2024 WL 312682, 2024 U.S. Dist. LEXIS 14458 (S.D. Ala. Jan. 25, 2024)("Thomas' exhibits repeatedly purport to distinguish 'Michael Thomas' (agent) and 'MICHAEL THOMAS' (principal) as separate entities, a distinction common to sovereign citizen claims." (cleaned up)); *and see generally*, *Dioh v. Haller*, 2023 WL 8877979 at *1, 2023 U.S. Dist. LEXIS 228009 at **1-2 (D. Minn. Dec. 22, 2023); *In re Wallace*, 2024 WL 3648551 at *6, 2024 Bankr. LEXIS (Bankr. N.D. Iowa Aug. 2, 2024).

an adherent to any of the other pseudolaw movements, her filings reflect the indicia of such misplaced beliefs.

The court notes that in documents filed by the Debtor, she has asserted or referenced: 1) that she is; 1) “KIMBERLY ANN CHAPMAN [ESTATE], Registered Organization Registered No. 552, United States of America Department of State No. [redacted] (the “Principal”), dba KIMBERLY ANN CHAPMAN, presently of Albany Vital Statistics [address in Albany, NY]” [Doc. #15, Power of Attorney[6] dated March 22, 2022 pp. 2, 19-20]; 2) Initially, Debtor’s Chapter 13 Plan asserted that the payments would be made by allowing the Chapter 13 Trustee to draw down “tax credits” [Docs. #24 at pp. 2 & 7, #31, #34, #34, p. 7, #52 p. 7]; 3) Debtor filed Objections to Chapter 13 Proof of Claim by Selene Finance LP [Docs. #61, #79, #108, ]; 4) Debtor listed “Government and corporate bonds and other negotiable and non-negotiable instruments in the amounts of $192,350 and $821,736; either a 2023 retirement contribution credit or a 2021 tax refund of $897,915; and a “Certificate of Acknowledgement” [Docs. #124, pp. 7, 8 & 16; #127, pp. 6 & 7]; 5) Debtor allegedly issued a fictious check to the mortgage company and sent a “Formal Demand for Filing Satisfaction of Mortgage Obligation [Objection to Confirmation by Selene Finance LP, Doc. #176, pp. 1, 4-6 & 7-8 (copy of alleged fictious “check”)]; 6) Debtor asserted that if there was a fictious check, it was issued “by a secured creditor CHAPMAN PRIVATE FAMILY TRUST and KIMBERLY CHAPMAN INC.” [Doc. #178, p. 3]; 7) Debtor’s Response to Objection to Confirmation of Chapter 13 Plan by Cooke Demers LLC and Selene Finance LP states: “Debtor KIMBERLY ANN CHAPMAN is a New York registered organization, as reflected in a Uniform Commercial Code (UCC) filing recorded with the New York Department of State. This filing affirms the Debtor’s legal status and supports the standing of KIMBERLY CHAPMAN INC, as Trustee for the CHAPMAN PRIVATE FAMILY TRUST—a secured party with rights enforceable under Article 9 of the Uniform Commercial Code.” [Doc. #191, p. 2]; 8) The court addressed Debtor’s claim that she was a “trust” [Doc. #208, pp 4-5]; 9) Debtor has asserted that an attempt to resolve “discovery dispute was made by: “DEBTOR KIMBERLY ANN CHAPMAN a NEW YORK STATE registered organization, with an authorized representative named

6/ It appears that Debtor’s “Co-Attorney-in-fact” - typed as “Eugene-Winston: Wheeler Jr” – has previously filed an involuntary bankruptcy petition against “Eugene Winston Wheeler Jr Estate Agency”. Case No. 22-61057 (MAW). As the court in that case stated: “With every filing Petitioner makes, it becomes increasingly apparent that this matter has nothing to do with involuntary bankruptcy and debtor/creditor remedies and relations under 11 U.S.C. § 303 and instead is an effort to secure a court order of some sort from some court, any court, for an improper purpose, apparently against the State of Ohio.” Case No. 22-61057, Doc. #8, pp. 1-2; see also, Docs. #4 & #12].

Chapman, Kimberly Ann, Beneficiary and ProPer, reserving all rights under UCC1-308, UCC1-207 and Title 18, Section 242(Deprivation of rights under color of law.). [Doc. #379, p. 9, Para. 52].

Turning to the documents filed in support of Debtor's claim that she has paid the IRS claim some or all of what it is owed, "Surety A" is listed as "KIMBERLY ANN CHAPMAN CORPORATE SURETY" with a state of incorporation of "NEW YORK". [Doc. #377, p. 22, 23].

The above demonstrate many of the "hallmarks" of the sovereign citizen movement. *See*, *Taylor v. Turner-McCall*, 2026 WL 35849 at *2, 2026 U.S. Dist. LEXIS 1267 at *6 (N.D. Ohio Jan. 6, 2026)("While Plaintiff does not specifically identify himself as a sovereign citizen in his filings, his arguments bear the hallmark of sovereign citizen ideology."); *Jackson v. U.S. Bank, N.A.*, 2025 WL 2835760 at *3, 2025 U.S. Dist. LEXIS 199799 at **4-6 (C.D. Ill. June 9, 2025)("Plaintiff's ill-fated attempt to pay off his mortgage via 'negotiable instrument' bears additional hallmarks of the sovereign citizen movement."); *Libertad v. Massachusetts*, 2022 WL 1136727 at *2, 2022 U.S. Dist. LEXIS 71170 at **5-6 (N.D. Ga. Apr. 18, 2022)(noting that despite the plaintiff's assertions to the contrary, his legal theories were characteristic of Sovereign Citizens adherents: "it is clear from [her] pleadings that Plaintiff meets these sovereign citizen criteria" regardless of how she identifies.); *Mitchell v. Vesely*, 2017 WL 11049094 at *1, 2017 U.S. Dist. LEXIS 226232 at **1-2 (M.D. Fla. Aug. 23, 2017)("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous."); *Evans v. Groeb*, 2026 WL 2066377 at *3, 2026 WL 158836 at *7 (N.D. Fla. June, 2026)("The notion that an individual can magically extinguish a debt by filing certain paperwork is a theory associated with the sovereign citizen movement.").

"Federal courts, including the United States Sixth Circuit Court of Appeals, have routinely dismissed these sovereign citizen arguments as frivolous and a waste of court resources." *Taylor v. Turner-McCall*, 2026 WL 35849 at *2, 2026 U.S. Dist. LEXIS 1267 at *6 (citing cases); *see also*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)(sovereign citizen "theories should be rejected summarily, however they are presented."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)(holding the sovereign citizen issues in the case "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013)(noting courts have "summarily rejected [sovereign citizen] legal theories as frivolous"); *Hennis v. Trustmark*

*Bank*, 2010 WL 1904860 at *5, 2010 U.S.Dist. LEXIS 45759 at *16 (S.D. Miss. May 10, 2010)("From coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous.").

The claims of "payment" asserted in support of Debtor's Objection are, likewise, frivolous.

Addressing Debtor's position that the court should hold a hearing that would allow her to authenticate the documents she has submitted so that they would be admissible evidence: This is unnecessary, as admissible documents that are of no legal effect are still documents of no legal effect, even if admitted. Accordingly, Debtor's claim regarding due process is not persuasive, particularly in light of the case law strongly encouraging courts to not waste resources on pseudolaw filings and arguments.

Similarly, the court denies Debtor's Motion to Compel [Doc. #379] because no purpose would be served in compelling the IRS to account for "bonds" and alleged surety agreements that are based on wishful thinking, and not any applicable law.

**THEREFORE**, for the foregoing reasons, and for the reasons stated on the record at the September 30, 2026, hearing, it is

**ORDERED** that Debtor Kimberly Ann Chapman's Motion to Compel Accounting and Production of Documents Concerning June 14, 2025 Submission in Connection With Amended Proof of Claim No. 8-2 [Doc. #379] is Denied.

**IT IS FURTHER ORDERED** that Amended Debtor's Objection to Amended Proof of Claim No. 8-2 Pursuant to Bankruptcy Rule 3001(f) With Exhibits filed on July 28, 2026 [Doc. #361] is Denied With Prejudice as to any Objection to Claim 8-2 based upon the alleged tendering of: "Standard Form 28" [Doc. #377 at Exs. B2-B5, pp. 15-18]; "Standard Form 1414" [Doc. #377 at Exs. C1 – C2, pp. 19-20]; "Standard Form 1416" [Doc. #377 at Exs. D1-D2, pp. 21-22]; and "Standard Form 1418" [Doc. #377 at Exs. E1-E4, pp. 23-26].

**IT IS FURTHER ORDERED** that denial of Debtor's Objection is without prejudice as to any other basis for objection that may be supported by actual law and facts.

# # #